**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MISSISSIPPI STATE CONFERENCE OF**
**THE NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE,**
**THOMAS PLUNKETT, ROD WOULLARD, AND**                    **PLAINTIFFS**
**HOLLIS WATKINS, ON BEHALF OF**
**THEMSELVES AND ALL OTHERS SIMILARLY**
**SITUATED**

**V.**                                         **CAUSE NO. 3:11-CV-00159-CWR-FKB**

**HALEY BARBOUR, IN HIS OFFICIAL**
**CAPACITY AS GOVERNOR OF THE STATE**
**OF MISSISSIPPI, JIM HOOD, IN HIS**
**OFFICIAL CAPACITY AS ATTORNEY**
**GENERAL OF THE STATE OF MISSISSIPPI,**
**AND DELBERT HOSEMANN, IN HIS**
**OFFICIAL CAPACITY AS SECRETARY**
**OF STATE OF THE STATE OF MISSISSIPPI,**
**AS MEMBERS OF THE STATE BOARD OF**
**ELECTION COMMISSIONERS; THE**
**MISSISSIPPI REPUBLICAN PARTY**                    **DEFENDANTS**
**EXECUTIVE COMMITTEE; THE**
**MISSISSIPPI DEMOCRATIC PARTY**
**EXECUTIVE COMMITTEE; AND CONNIE**
**COCHRAN, IN HER OFFICIAL CAPACITY**
**AS CHAIRMAN OF THE HINDS COUNTY,**
**MISSISSIPPI BOARD OF ELECTION**
**COMMISSIONERS, ON BEHALF OF**
**HERSELF AND ALL OTHERS SIMILARLY**
**SITUATED**

**ORDER**

The above-styled cause is before the Court on the Motion to Intervene [Docket No. 12] of

the Mississippi House of Representatives Apportionment and Elections Committee. The Court

ordered an expedited briefing schedule on the question and, after considering the filings

submitted under that schedule, concludes that the motion should be granted.

1

On March 17, 2011, the Mississippi State Conference of the National Association for the Advancement of Colored People (hereinafter "the NAACP"), Thomas Plunkett, Rod Woullard, and Hollis Watkins filed suit against the members of the State Board of Election Commissioners, the executive committees of the Mississippi Republican Party and the Mississippi Democratic Party, and Connie Cochran, in her official capacity as chair of the Hinds County Board of Election Commissioners. The Plaintiffs' Complaint [Docket No. 1] seeks declaratory and injunctive relief from the Mississippi Legislature's existing district apportionment scheme, which, in light of the results of the 2010 Census, the Plaintiffs contend is violative of the Fourteenth Amendment to the United States Constitution, Section 254 of the Mississippi Constitution, and Sections 2 and 5 of the Voting Rights Act of 1965.

On March 23, 2011, the Apportionment and Elections Committee of the Mississippi House of Representatives (hereinafter "the Committee") moved to intervene [Docket No. 12] in the action, and on March 25, 2011, the NAACP responded [Docket No. 16] in support of the request. The Attorney General of the State of Mississippi and Connie Cochran each filed responses [Docket Nos. 26 and 35] advising the Court that they did not object to the Committee's motion.

However, the motion drew opposition from the Mississippi Republican Party Executive Committee (hereinafter "the Republican Party") [Docket No. 28] and Secretary of State Delbert Hosemann (hereinafter "Hosemann") [Docket No. 34] on March 31, 2011. The Governor has taken no position on the request, and although the Mississippi Democratic Party Executive Committee (hereinafter "the Democratic Party") has not stated a position on the motion, the Committee avers that the Democratic Party has no objection. On April 1, 2011, the Committee

replied [Docket No. 39], and the NAACP rested on its previous response.

Matters of intervention are governed by Rule 24 of the Federal Rules of Civil Procedure,

which recognizes two forms of intervention. In relevant part, Rule 24 provides:

> (a) Intervention of Right.
> On timely motion, the court must permit anyone to intervene who:
>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
>> (1) In General.
>> On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

The Committee explicitly seeks intervention under Subsection (a) or, in the alternative,

under Subsection (b). Committee Motion at 2.

Both the opponents and supporters of the Committee's motion support their positions

with a bevy of non-conclusory allegations, all of which the Court must accept as true for

purposes of the intervention request. *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 56

n.2 (5th Cir. 1977) (*citing* Wright & Miller, Federal Practice and Procedure: Civil § 1914, 570).

Hosemann and the Republican Party offer two theories in support of their opposition to

the Committee's motion. Hosemann argues that the full House of Representatives has not

authorized the Committee to proceed in the instant litigation and that, even among the

Committee's membership, the decision to attempt intervention was not made without dissent.

Hosemann Response at 2. According to Hosemann, the Committee "has no power or authority to

exercise any powers other than those specifically granted by the House of Representatives," and

3

because "[t]here is no record of any action of the membership of the Mississippi House of Representatives to grant [the Committee] the authority to enter into the present suit," it should not be allowed to do so. Hosemann Response at 2-3.

Similarly, the Republican Party submits that the Committee is merely the phalange of a larger organism and has no protectable interest in the case. In the Republican Party's view, the Committee "has been organized by the House of Representatives, under its rulemaking power . . . , to legislate, not to litigate." Republican Party Response at 2. But the Republican Party also argues more specifically that, even if the Committee could hold a legal interest sufficient to warrant intervention – as it did 20 years ago when it intervened in *Watkins v. Mabus*, 771 F. Supp. 789 (S.D. Miss. 1991) – it enjoys no such interest today because, unlike in 1991, the Legislature has not yet ratified an apportionment plan requiring advocacy thereof in court. *See id.* at 791-93.

The Committee claims that the Republican Party's account is not entirely complete. According to the Committee, "a plan was adopted by the House this year, even if the Senate did not agree" and that the Committee already has "twice voted in favor of that plan . . . ." Committee Reply at 2. Moreover, the Committee argues that the posture of the case at bar is, at this moment, substantially similar to the point during the 1991 case when the Committee intervened. In 1991, "the Committee urged the Court to adopt a plan that had been passed by the Committee but rejected by the full House . . . ." Committee Reply at 2. *See Watkins*, 771 F. Supp. at 795. Similarly, in the case at bar, the Committee has passed a plan that has not been ratified by the Legislature as a whole. If the Committee's interest in the 1991 case was significant enough to warrant intervention, then the Court is unable to conceive of a reason to

4

deny the same request today under such similar circumstances.

One of Rule 24's central purposes is "to protect non-parties from having their interests adversely affected by litigation conducted without their participation." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). Therefore, "[i]ntervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

Under Rule 24(a)(2), an entity seeking intervention as a matter of right must make four showings:

> (1) The intervention must be timely; (2) the applicant must have an interest relating to the property that is the subject of the action; (3) the applicant must be so situated that the disposition may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties.

*Sierra Club v. City of San Antonio*, 115 F.3d 311, 314 (5th Cir. 1997).

Neither the Republican Party nor Hosemann challenges the Committee regarding the first or third elements of this inquiry; if valid responses exist on those points, they have been waived. *See id.* at 315. Therefore, the Court deems the Committee's application sufficient to satisfy those requirements. Rather, opposition to the intervention stems from the claims of Hosemann and the Republican Party that the Committee lacks a cognizable interest in the subject matter of the case at bar and that, even if one exists, the existing parties adequately represent that interest. Republican Party Response at 2-3; Hosemann Response at 2-3.

Neither argument is persuasive. In order to qualify for intervention as of right, an entity's interest in the subject matter at hand must be direct, substantial, and legally protectable. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984).

Undoubtedly, the Committee's relationship to Mississippi's legislative apportionment plan meets that description. The Committee's interest is not identical to those of the other parties, but that is not a requirement of Rule 24(a). *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). Indeed, the fact that interests of the Committee (including but not limited to the apportionment plan approved thereby) are not identical to those of other parties demonstrates that no party stands prepared to pursue the Committee's interests with directness sufficient to render the Committee's participation unnecessary – and thereby satisfies the fourth element of the test. *See Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 691 (1961) ("intervention as of right presupposes that an intervenor's interests are *or may not be* [adequately] represented") (emphasis added). *Compare Ceres Gulf v. Cooper*, 957 F.2d 1199, 1204 (5th Cir. 1992) (recognizing Director of Office of Workers' Compensation Programs' intervention of right), *with New Orleans Pub. Serv., Inc.*, 732 F.2d at 465-66 (recognizing no intervention of right for purely economic interest) ("the case before us does not involve . . . a public law question") (5th Cir. 1984).

Therefore, the Committee is entitled as a matter of right to intervene.

But even if the Committee did not hold such a right, this Court still would allow intervention pursuant to Rule 24(b), under which "the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). One cannot contend seriously that the Committee does not have a case "that shares with the main action a common question of law or fact," namely, the constitutionality *vel non* of Mississippi's existing apportionment plan in light of the results of the 2010 Census. Indeed, no party has made such a claim; although the Committee explicitly

6

referred to Rule 24(b) in its motion, neither the Republican Party nor Hosemann have addressed its propriety.

If a would-be permissive intervenor meets the threshold requirement of showing a common question of law or fact, "then the district court must exercise its discretion in deciding whether intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Although the question of judicial economy is always relevant, parallel suits concerning the instant subject matter on undoubtedly expedited tracks could result in legal chaos.  Moreover, the request to intervene was filed within days of the filing of the original action.  Allowing the Committee's voice to be heard would not unduly delay or prejudice the adjudication of the rights of the other parties.  *See* Fed. R. Civ. P. 24(b)(3). Therefore, even if no right to intervene existed under Rule 24(a), this Court still would permit intervention under Rule 24(b).

For both reasons, the Committee's Motion to Intervene is granted.

SO ORDERED this First day of April 2011.

/s/ *Carlton W. Reeves*

Hon. Carlton W. Reeves
United States District Court Judge