```
               UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, THOMAS                    PLAINTIFFS
PLUNKETT, ROD WOULLARD, AND HOLLIS
WATKINS, ON BEHALF OF THEMSELVES AND
ALL OTHERS SIMILARLY SITUATED


VS.                           CIVIL ACTION NO. 3:11CV159TSL–EGJ–LG–MTP


HALEY BARBOUR, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF THE STATE OF MISSISSIPPI,
JIM HOOD, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE STATE OF
MISSISSIPPI, AND DELBERT HOSEMANN, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF STATE
OF THE STATE OF MISSISSIPPI, AS MEMBERS OF
THE STATE BOARD OF ELECTION                              DEFENDANTS
COMMISSIONERS; THE MISSISSIPPI REPUBLICAN
PARTY EXECUTIVE COMMITTEE; THE
MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE
COMMITTEE; AND CONNIE COCHRAN, IN HER
OFFICIAL CAPACITY AS CHAIRMAN OF THE
HINDS COUNTY, MISSISSIPPI BOARD OF
ELECTION COMMISSIONERS, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED                DEFENDANTS
AND

APPORTIONMENT AND ELECTIONS COMMITTEE
OF THE MISSISSIPPI HOUSE OF REPRESENTATIVES              INTERVENORS


                        ORDER AND NOTICE

     It is hereby ordered that the separate motions to intervene

filed by the Mississippi State Senate Democratic Caucus and State

Democratic Senators in their Individual Capacities, and by Terry

C. Burton are granted, for essentially the reasons set forth by

Judge Carlton Reeves in his April 1, 2011 order granting the

motion to intervene filed by the Mississippi House of Representatives Apportionment and Elections Committee.

Further, the parties are hereby given notice that at 9:30 a.m. on Friday, April 22, 2011, a status conference will be held before the three-judge panel in Judge Lee's courtroom.  The parties should be prepared to discuss all matters relating to this case, including:

(1) the factual background;

(2) the constitutional issues presented;

(3) the specific remedy that the plaintiffs seek;

(4) whether the case is ripe for decision, see Miss. Const. Art. 13, § 254;

(5) whether the respective plans adopted by the Mississippi House of Representatives and Senate during the regular 2011 session satisfy the one person, one vote principle;

(6) the specific basis for any objections that the respective parties have to adopting the plans adopted by the House of Representatives and Senate during the 2011 session as the interim remedy for the 2011 elections;

(7) the specific basis for any claims of racial discrimination or dilution; and

(8) whether an evidentiary hearing is required and, if so, what evidence would be presented at such hearing, and what the respective parties would hope to establish at such hearing.

The parties should be familiar with all of the facts and the law that applies to and governs their positions or claims. Further, the parties should be prepared to provide the court with guidance in narrowing the issues and claims to their bare essence.

This 18th day of April, 2011.

                                              /s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE