**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI JACKSON DIVISION**

**MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, THOMAS PLUNKETT, ROD WOULLARD, and HOLLIS WATKINS, on behalf of themselves and others similarly situated,** **PLAINTIFFS**

**VS.** **CIVIL ACTION NO. 3:11-cv-159-TSL-EGJ-LG-MTP**

**HALEY BARBOUR, in his official capacity as Governor of the State of Mississippi, JIM HOOD, in his official capacity as Attorney General of the State of Mississippi, and DELBERT HOSEMANN, in his official capacity as Secrretary of State of the Sate of Mississippi, as members of the State Board of Election Commissioners; THE MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE; and CONNIE COCHRAN, in her official Capacity as Chairman of the Hinds County, Mississippi Board of Election Commissioners, on behalf of herself and all others similarly situated** **DEFENDANTS**

**and**

**APPORTIONMENT AND ELECTIONS COMMITTEE OF THE MISSISSIPPI HOUSE OF REPRESENTATIVES; MISSISSIPPI STATE SENATE DEMOCRATIC CAUCUS AND STATE DEMOCRATIC SENATORS, in their individual capacities; TERRY C. BURTON, SIDNEY BONDURANT, BECKY CURRIE, and MARY ANN STEVENS,** **INTERVENORS**

**RESPONSE OF INTERVENOR MISSISSIPPI STATE SENATE DEMOCRATIC CAUCUS AND STATE DEMOCRATIC SENATORS, IN THEIR INDIVIDUAL CAPACITIES IN RESPONSE TO THE COURT ORDER OF APRIL 29, 2011 AND IN SUPPORT OF ADOPTING THE 2011 SENATE AND HOUSE PLANS**

## INTRODUCTION

In light of this Court's and the parties' acknowledgment of the existing unconstitutionally malapportioned legislative districts and exigent circumstances of this case, this Court pronounced its commitment to entering an Order which will provide the most expeditious, effective and constitutionally permissible remedy available.  On April 29, 2011, this Court entered its Order stating its intention to adopt the 2011 Senate and House redistricting plans for use in the 2011 elections only.  [95]  The Senate Democratic Caucus and State Democratic Senators in their Individual capacities support the adoption of the 2011 Senate and House Plans for use in the 2011 legislative elections as this Court is inclined to do and as urged by certain parties to this litigation. In its April 29, 2011 Order, this Court further directed the parties who wish to present evidence to "detail, in specific terms, such evidence, the relevance of such evidence, and specifically the points they intend to establish, all in a written document filed with this Court on or before May 5, 2011." The Senate Democrats do not intend to present live testimony at the hearing on May 10, 2011. This pleading serves to inform the Court of the position of the State Democratic Senators in support of adopting the 2011 legislative plans on an interim basis and to outline and submit specific detailed evidence which may be helpful to the Court in considering its ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

Convening for the first time over a year ago, the Standing Joint Legislative Committee on Reapportionment and Redistricting (Joint Committee), pursuant to Miss. Code Ann. §§ 5-3-91 et seq. and 5-3-121 et seq., implemented a plan and exercised its duty to develop redistricting plans for the Senate and House based on the 2010 census data. Composite Exhibit "A" attached hereto Consists of a certified copy of the Minutes of the Joint Committee as well as the Senate and House

Subcommittees. The Joint Committee hired counsel with the authority to select consulting experts to assist in the redistricting process, conducted public meetings throughout the State to ensure public input into the process of redistricting, implemented a Public Access Policy to allow the public through various means to obtain documents and submit data and proposals for consideration by the Legislature, adopted specific criteria to guide the redistricting efforts to ensure compliance with state and federal law and passed redistricting plans for both the Mississippi State Senate and Mississippi House of Representatives. See generally, Composite Exhibit "A."

The Joint Committee relied on certain redistricting experts, Drs. Jerry Webster and Richard L. Engstrom, to review the proposed plans, offer input and analysis and advise the committee prior to voting on the Senate and House plans. Senator Burton references and outlines certain specific evidence which he may offer in rebuttal if needed by the Court concerning the Senate Plan. Dr. Jerry Webster's *curriculum vitae* is attached hereto as Exhibit "B" for this Court's consideration. Attached hereto as Exhibit "C" is a declaration of Dr. Richard L. Engstrom, along with his *curriculum vitae*. Additionally, the Apportionment and Elections Committee of the Mississippi House of Representatives has filed affidavits and exhibits relating to these experts. It is submitted that this information is relevant and helpful to the Court in determination to adopt the 2011 Senate and House plans because this information further evidences the careful approach and hard work the Joint Committee and the Legislature undertook prior to passing the 2011 legislative plans.

As this Court is well aware, the House plan adopted by the Joint Committee was passed by the full House, the Joint Committee's Senate plan was passed by the full Senate and the Mississippi House of Representatives passed both plans as a Joint Resolution without modifying the Senate plan as passed by the full Senate (giving deference to the Senate plan in keeping with tradition). Unfortunately, the full Senate never voted on any Joint Resolution containing the House

plan.

Contrary to the assertions of certain defendants in this action, the Legislature did not abdicate its duty to redistrict based on the 2010 census data. Rather, the Legislature passed redistricting plans through both Houses after a great deal of hard work, compromise, public input, open meetings and expert consultation. Indeed, the Joint Committee specifically adopted the following criteria: "1. Each district's population should be less than 5% above or below the mean population of a district. 2. Districts should be composed of contiguous territory. 3. The redistricting plan should comply with all applicable state and federal laws including Sections 2 and 5 of the Voting Rights Act of 1965, as amended, and the Mississippi and United States Constitutions." Please see Joint Committee Minutes dated January 3, 2011 contained in Composite Exhibit "A." In short, while ultimately the Joint Resolution containing both plans failed in the Senate without the Senate as a whole ever being permitted to vote on it, it is nevertheless clear that the Legislature passed legislative plans evidencing legislative policy that, at a minimum, should be given deference by this Court for use as interim relief for use in the 2011 elections.

**IT IS APPROPRIATE FOR THIS COURT TO GIVE DEFERENCE TO THE SENATE AND HOUSE 2011 REDISTRICTING PLANS AND ADOPT THOSE PLANS AS INTERIM RELIEF UNDER THE CIRCUMSTANCES PRESENTED**

It is well-settled law that to the extent possible, the Courts should give deference to the Legislature's apportionment work because reapportionment is primarily a legislative function. White v. Weiser 412 U.S. 783, 794-95 (1973). As pointed out by Senator Burton, "Traditionally, the determination of electoral districts within a State has been a matter left to the legislative branch of the state government. Apart from the doctrine of separation of powers and the federal system prescribed by the Constitution, federal judges are ill equipped generally to review the legislative decisions respecting redistricting." Davis v. Bandemer, 478 U.S. 109, 184-85

(1986)(Powell, J. concurring).

Certain parties here would have this Court disregard the legislature's apportionment work and draw Court Ordered lines from scratch, despite the fact that the Joint Committee's redistricting plans, developed with input from the public and guided by expertise and criteria to ensure compliance with state and federal laws, both were passed by the Joint Committee and despite the fact that each plan passed its respective chamber of the legislature. Defendants cite a case from the U.S. District Court from the Western District of Missouri, Shayer v. Kirkpatrick 541 F. Supp. 922 (W.D. Miss. 1982), to argue that because the Joint Resolution containing both plans was never allowed to be voted on by the full Senate and therefore never had an opportunity to pass, there is no legislative plan to which this Court should give deference under the present circumstances. While it is true the Joint Resolution was never permitted to be voted on by the full Senate, it is submitted that the Defendants' position that there is no legislative policy to which deference may be accorded under the circumstances is contrary to the facts, the law and the realistic issues and circumstances facing Mississippi voters.

First, this Court has indicated an intention to order the use of the 2011 plans as interim relief, not to enter an Order adopting the 2011 plans as a permanent Court Ordered redistricting plan. Further, the Shayer case, citing Skolnick v. State Electoral Board, 336 F. Supp. 839, 846 (N.D. Ill. 1971), acknowledges that the "further a bill goes in the legislative process (e.g., out of committee, passed by one house, passed by both houses but vetoed) the more it evidences a legislative policy." Id. While understandably this Court is not now prepared to adopt a permanent redistricting plan based on the 2011 plans passed by the respective chambers of the Mississippi Legislature, the most practical, appropriate and efficient remedy is to give deference to the work of the Joint Committee and Mississippi Legislature – which work evidences legislative policy — and adopt the

2011 legislative plans as interim relief.

Moreover, as represented by the Attorney General in this case, if this Court appropriately adopts the 2011 legislative plans as interim relief, the Mississippi Attorney General stands ready to submit the 2011 legislative plans for preclearance under the Voting Rights Act. It is submitted that there is sufficient time for preclearance prior to implementation of the 2011 legislative plans. Importantly, however, this Court has indicated that the interim relief ordered would be to use the 2011 plans for the 2011 legislative elections only, and that preclearance under the Voting Rights Act or further Order of this Court would be required prior to use of the 2011 plans for any other elections.

The Senate Democratic Caucus and the individually named Senators would respectfully reserve the right to testify at the appropriate time concerning the work of the Joint Committee and legislative history leading to the passage of Senate Composite 2 should that testimony be helpful to the Court. However, it is submitted that the Court absolutely has the discretion, based on the information and evidence currently available to it to enter the relief as set forth in its April 29, 2011 Order. It is respectfully submitted that there is no need for additional testimony at the May 10, 2011 hearing to enter the appropriate relief at this stage of the proceedings.

Under the circumstances permitted, it is submitted that this Court should follow its inclination to rule as outlined in its April 29, 2011 Order. The appropriate remedy is to Order the 2011 Senate and House plans to be used for the 2011 elections on an interim basis.

Respectfully submitted, this the 5th day of May, 2011.

**THE MISSISSIPPI STATE SENATE DEMOCRATIC CAUCUS and DEMOCRATIC SENATORS IN THEIR INDIVIDUAL CAPACITIES, INTERVENORS**

By:/s/ John F. Hawkins
John F. Hawkins, Esquire

Counsel for Intervenors, the Mississippi State Senate Democratic Caucus and Mississippi State Democratic Senators named in their Individual Capacities

**OF COUNSEL:**

John F. Hawkins, Esquire (MS Bar #9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

**CERTIFICATE OF SERVICE**

I, John F. Hawkins, do hereby certify that I electronically filed the foregoing *Motion to Intervene of the Mississippi State Senate Democratic Caucus and Mississippi State Democratic Senators named in their Individual Capacities* with the Clerk of the Court using the ECF system which sent notification to the following:

Carroll Edward Rhodes, Esquire
LAW OFFICES OF CARROLL RHODES
P. O. Box 588
Hazlehurst, MS 39083
Email: crhode@bellsouth.net

Michael B. Wallace, Esquire
Charles Stevens Seale, Esquire
WISE CARTER CHILD & CARAWAY
P.O. Box 651
Jackson, MS 39205-0651
Email: mbw@wisecarter.com
Email: css@wisecarter.com

Robert B. McDuff, Esquire
ROBERT B. MCDUFF
767 North Congress Street
Jackson, MS 39202

Email: rbm@mcdufflaw.com

Harold Pizzetta, Esquire
Justin L. Matheny, Esquire
Chief, Civil Litigation Division
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Email: hpizz@ago.state.ms.us
Email: jmath@ago.state.ms.us

Samuel Begley, Esquire
Begley Law Firm
P.O. Box 287
Jackson, MS 39205
Email: sbegley1@bellsouth.net

Robert L. Gibbs, Esquire
Matthew W. Allen, Esquire
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 119
Jackson, MS 39205
Email: rgibbs@brunini.com
Email: mallen@brunini.com

Stephen L. Thomas, Esquire
Jack L. Wilson, Esquire
Bradley Arant Boult Cummings LLP
P.O. Box 1789
Jackson, MS 39215-1789
Email: sthomas@babc.com
Email: jwilson@babc.com

Crystal Wise Martin, Esquire
Hinds County Board of Supervisors Attorney
P.O. Box 686
Jackson, MS 39205-0686
Email: cmartin@ptmandassoc.com

Robert L. Gibbs
Matthew W. Allen
BRUNINI, GRANTHAM, GROWER & HEWES
P.O. Drawer 119
Jackson, MS 39205-0119

R. Andrew Taggart, Jr.
Clay B. Baldwin
TAGGART, RIMES & USRY, PLLC
P. O. Box 3025
Madison, MS 39130

Cory T. Wilson
WILLOUGHBY LAW GROUP, PLLC
602 Steed Road
Suite 110
Ridgeland, MS 39157

This the 5th day of May, 2011.

          /s/ John F. Hawkins
          JOHN F. HAWKINS

          Counsel for the Applicants for Intervention, the Mississippi State Senate Democratic Caucus and Mississippi State Democratic Senators named in their Individual Capacities