# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE, THOMAS PLUNKETT, ROD
WOULLARD, and HOLLIS WATKINS, on behalf of themselves
and all others similarly situated**           **PLAINTIFFS**

**vs.**           **CIVIL ACTION NO. 3:11-cv-159TSL-EGL-LG-MTP**

**PHIL BRYANT, in his official capacity as
Governor of the State of Mississippi, JIM HOOD,
in his official capacity as Attorney General of the
State of Mississippi, and DELBERT HOSEMANN,
in his official capacity as Secretary of State of the
State of Mississippi, as members of the State Board
of Election Commissioners; THE MISSISSIPPI
REPUBLICAN PARTY EXECUTIVE COMMITTEE;
THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE
COMMITTEE; and JERMEL CLARK, in his official
capacity as Chairman of the Hinds County, Mississippi
Board of Election Commissioners, on behalf of himself
and all others similarly situated**           **DEFENDANTS**

**and**

**APPORTIONMENT AND ELECTIONS COMMITTEE
OF THE MISSISSIPPI HOUSE OF REPRESENTATIVES;
MISSISSIPPI STATE SENATE DEMOCRATIC CAUCUS
AND STATE DEMOCRATIC SENATORS, in their individual
capacities; SIDNEY BONDURANT,
BECKY CURRIE, and MARY ANN STEVENS,**           **INTERVENORS**

**and**

**THE STANDING JOINT LEGISLATIVE
COMMITTEE ON REAPPORTIONMENT
OF THE MISSISSIPPI LEGISLATURE,**           **APPLICANT TO INTERVENE**

## AMENDED MOTION TO INTERVENE

COMES NOW the Standing Joint Legislative Committee on Reapportionment of the Mississippi Legislature ("Standing Joint Committee") by and through its attorneys, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, and hereby moves the Court for an order allowing the Standing Joint Committee to intervene in this action pursuant to Fed. R. Civ. P. 24 and would show unto the Court the following:

1.     The Standing Joint Committee has the statutory authority and responsibility to draw plans reapportioning both the Mississippi House of Representatives and the Mississippi Senate.  MISS. CODE ANN. §§ 5-3-91, 5-3-93 (2012).  Fulfilling this statutory responsibility, the Standing Joint Committee drew plans reapportioning both the Mississippi House of Representatives and Senate during the 2012 Regular Session of the Mississippi Legislature.

2.     The Standing Joint Committee approved the proposed plan ("J.R. No. 1") to reapportion the Mississippi House of Representatives following the 2010 census on April 25, 2012.  On April 26, 2012, the full House adopted J.R. No. 1 followed by Senate approval on May 2, 2012.

3.     The Standing Joint Committee approved the proposed plan ("J.R. No. 201") to reapportion the Mississippi Senate following the 2010 census on May 1, 2012.  On May 2, 2012, the full Senate adopted J.R. 201 followed by the House of Representatives' adoption on May 3, 2012.

4.     In accordance with Section 5 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973c, the State of Mississippi, with assistance of the Standing Joint Committee, submitted J.R. No. 1 and J.R. No. 201 as passed by the Mississippi Legislature in May, 2012 to the United States Department of Justice for preclearance.

5.      On September 14, 2012, the United States Department of Justice interposed no objection to the submitted joint resolutions, thereby granting preclearance of those proposed plans.

6.      On October 13, 2012, Plaintiffs filed their Motion to Set Aside the 2011 Legislative Election Results and Order Special Legislative Elections for All Legislative Districts in 2013. *See* Docket No. 140. That Motion includes a challenge to the House and Senate plans adopted in J.R. No. 1 and J.R. No. 201. Plaintiffs have also moved for leave to amend their Complaint to advance the same arguments set forth in their Motion to Set Aside the 2011 Election Results. *See* Docket Nos. 142 & 143.

7.      In light of the Plaintiffs' recent filings, the Standing Joint Committee seeks intervention as a matter of right under Rule 24(a), or alternatively, as otherwise permitted under Rule 24(b), to submit a Joinder and Response in Opposition to the Motion to Set Aside the 2011 Election Results [Docket No. 140]. Pursuant to Fed. R. Civ. P. 24(c), a copy of the proposed Joinder and Response in Opposition is attached hereto as Exhibit "A." If allowed to intervene, the Standing Joint Committee will also submit a Response in Opposition to the Plaintiffs' Motion for Leave to Amend Complaint as well as any other appropriate responses or pleadings in connection with Plaintiffs' efforts to challenge the 2011 election results and the 2012 House and Senate plans adopted by the Legislature.

8.      Having exercised its statutory responsibility to draft the proposed plans, the Standing Joint Committee has an interest relating to the subject of this action and the subject of the motion brought by the Plaintiffs. Disposition of the Plaintiffs' motion without the Standing Joint Committee being provided an opportunity to be heard will necessarily impair or impede the

Standing Joint Committee's ability to protect its interests.  Thus, the Standing Joint Committee has a right to intervene under Fed. R. Civ. P. 24(a).

9.      In fact, in 1991, when the Mississippi Legislature's redistricting plan was challenged in court as unconstitutional and subsequently objected to by the United States Department of Justice, the Standing Joint Committee was granted intervention to participate in the ensuing federal court lawsuit that sought to adopt a plan for the next scheduled legislative elections.  *See Watkins v. Mabus*, 771 F. Supp. 789, 792 (S.D. Miss. 1991) (three-judge court) (noting that the Court granted intervention to the Standing Joint Committee and other interested parties).

10.     Alternatively, the Court can otherwise grant permission to the Standing Joint Committee to intervene since the Standing Joint Committee has a claim or defense that shares with the main action a common question of law or fact.  Thus, the Standing Joint Committee should be permitted to intervene under Fed. R. Civ. P. 24(b).

11.      The Standing Joint Committee does not seek to designate itself either as a plaintiff or a defendant.

12.      This Request for leave to intervene is not opposed by Governor Phil Bryant, Attorney General Jim Hood, Secretary of State Delbert Hosemann, or the Mississippi Republican Party Executive Committee.   The Mississippi Democratic Executive Committee has not indicated any position with respect to the proposed intervention.   The Plaintiffs oppose intervention.  *See* Docket No. 145.  The Standing Joint Committee will timely reply in further support of the Motion and Amended Motion to address the arguments raised in Plaintiffs' Response.

4

WHEREFORE, PREMISES CONSIDERED, the Standing Joint Committee moves this

Court for leave to intervene, for the purpose of further participation on the merits of the issues

related to and arising from the motions recently filed by the Plaintiffs.

THIS the 29th day of October, 2012.

Respectfully submitted,

By:    *s/P. Ryan Beckett*
       Tommie S. Cardin (MB #5863)
       P. Ryan Beckett (MB #88524)
       B. Parker Berry (MB #104251)

       ATTORNEYS FOR PROPOSED INTERVENOR, THE
       STANDING JOINT LEGISLATIVE COMMITTEE ON
       REAPPORTIONMENT OF THE MISSISSIPPI
       LEGISLATURE

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400 (39157)
Post Office Box 6010
Ridgeland, Mississippi  39158-6010
(T) (601) 985-4557
(F) (601) 985-4500
(E) tommie.cardin@butlersnow.com
(E) ryan.beckett@butlersnow.com
(E) parker.berry@butlersnow.com

## CERTIFICATE OF SERVICE

I, P. Ryan Beckett, do hereby certify that a copy of the above and foregoing was served

by the Court's electronic filing system and via facsimile and United States mail on the following:

| | |
|---|---|
| Carroll Edward Rhodes<br>*chrode@bellsouth.net* | Russell Latino, III<br>*rlatino@wellsmar.com* |
| Jack L. Wilson<br>*jack.wilson@governor.ms.gov* | Justin L. Matheny<br>*jmath@ago.state.ms.us* |
| Crystal W. Martin<br>*cmartin@co.hinds.ms.us* | Matthew W. Allen<br>*mwallen@brunini.com* |
| Robert L. Gibbs<br>*rgibbs@brunini.com* | Cory T. Wilson<br>*cory@wlglegal.com* |
| Stephen L. Thomas<br>*sthomas@babc.com* | Charles Stevens Seale<br>*css@wisecarter.com* |
| Samuel L. Begley<br>*sbegley1@bellsouth.net* | R. Andrew Taggart, Jr.<br>*andy@tru-law.com* |
| Michael B. Wallace<br>*mbw@wisecarter.com* | Clay B. Baldwin<br>*claybbaldwin@gmail.com* |
| Harold E. Pizzetta, III<br>*hpizz@ago.state.ms.us* | John F. Hawkins<br>*john@hsglawfirm.net* |
| | Cory T. Wilson<br>*cwilson@hscbpa.com* |

SO CERTIFIED, this the 29th day of October, 2012.

*s/P. Ryan Beckett*
P. Ryan Beckett

ButlerSnow 14356415v1